UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

          Plaintiff,

v.                                          Case No. 20-cv-1890-pp

BRIAN TAPLIN,
and KYLE DITMERS,

          Defendants.

**ORDER DENYING PLAINTIFF'S MOTIONS TO PAY FOR PHOTOCOPIES USING RELEASE ACCOUNT (DKT. NO. 72, 76, 82) AND GRANTING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO RESPOND TO DEFENDANTS' SUMMARY JUDGMENT MOTION (DKT. NOS. 74, 78, 80)**

On February 10, 2022, the court denied the plaintiff's requests for unspecified documents and ordered that, if the plaintiff wanted a copy of those documents, he would have to specify which documents he wants and pay for them according to the court's fee schedule. Dkt. No. 69. Citing Federal Rule of Civil Procedure 34, the plaintiff now asks the court (in three identical motions) to allow him to pay for those copies using funds in his release account. Dkt. Nos. 72, 76, 82. He says he asked the business office of the prison to authorize payment from his release account, but the business office refused to do so without a court order allowing him to use his release account to pay for his litigation costs. Dkt. No. 73 at ¶¶2–3.

Federal courts in this state have permitted prisoners to use their release accounts to pay their initial partial filing fee. _E.g._ Doty v. Doyle, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002); Spence v. McCaughtry, 46 F. Supp. 2d 861, 862–63 (E.D. Wis. 1999). But absent unusual circumstances, this court lacks the

authority to order (or allow) a prisoner–plaintiff to "tap into his release account to pay current (or future) litigation costs." McCalla v. Thompson, No. 18-CV-1895-JPS, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019) (citing Wilson v. Anderson, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014)); see also Artis v. Meisner, No. 12-CV-589-WMC, 2015 WL 5749785, at *6 (W.D. Wis. Sept. 30, 2015) ("[T]his court has not found any case in which a federal court permitted a prisoner to pay litigation costs from a release account under the federal PLRA." (emphasis omitted)).

The only reason the plaintiff provides for why the court should allow him to use the funds in his release account to cover his litigation costs is that he does not have sufficient funds in his regular trust account. That is not an unusual circumstance. It is the plaintiff's responsibility to fund his own litigation, including discovery costs, even when he is representing himself. See Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003); Nail v. Gutierrez, No. 1:06-CV-292, 2007 WL 4255535, at *1 (N.D. Ind. Nov. 30, 2007). The plaintiff may ask the state for a legal loan to cover his costs under Wis. Admin. Code §DOC 309.51(1). But securing and repaying that loan is "a matter strictly between him and Wisconsin, and not any business of the federal courts." See Lindell, 352 F.3d at 1111 (citing Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1076 (E.D. Wis. 1999)). The plaintiff has filed nine cases in this court since December 2020. Which of those lawsuits he decides to fund, and how he funds them, is his own business. Because the plaintiff has not described any unusual circumstances to justify allowing him to use his release account to pay for copies of documents, the court will deny his request to do so.

The plaintiff also asks for an extension of time to respond to the defendants' motion for summary judgment. Dkt. Nos. 74, 78, 80. He explains

2
Case 2:20-cv-01890-PP    Filed 05/16/22    Page 2 of 3    Document 86

that by the time the court rules on his motion to use his release account to pay for photocopies and he receives that decision, his deadline to respond will have elapsed. Dkt. No. 75 at ¶¶2–3. The plaintiff's deadline to respond was February 28, 2022. Although the court is denying the plaintiff's motion to use his release account to pay for photocopies, the court will give him additional time to respond to the defendants' motion for summary judgment. The plaintiff must file his response, and all relevant supporting materials, in time for the court to *receive* it by the end of the day on **June 17, 2022**.

The court **DENIES** the plaintiff's motions to pay for photocopies using his release account. Dkt. No. 72, 76, 82.

The court **GRANTS** the plaintiff's motions for an extension of time to respond to the defendants' motion for summary judgment. Dkt. Nos. 74, 78, 80.

The court **ORDERS** that the plaintiff must file his response to the defendants' motion for summary judgment, and all relevant materials, so that the court receives it by the end of the day on **June 17, 2022**. If the plaintiff does not file his response by the deadline, the court will consider the motion for summary judgment as unopposed, and will decide it without input from the plaintiff.

Dated in Milwaukee, Wisconsin this 16th day of May, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**