TIMOTHY DURLEY,

        Plaintiff,

  v.

Case No. 20-cv-1890-pp

NURSE BRIAN TUPIN,
and KYLE DITMERS,

        Defendants.

## ORDER IMPOSING SANCTION FOR FILING FALSE DOCUMENT AND STRIKING DOCUMENT

On July 8, 2022, the court issued an order requiring the plaintiff to show cause why the court should not dismiss this case. Dkt. No. 96. The court explained that the plaintiff filed a declaration in opposition to the defendants' motion for summary judgment that purported to have been written and signed by Donald Alford-Lofton. Id. at 2. The court described several facts that gave it reason to believe that the plaintiff had written the declaration himself and forged Alford-Lofton's name. Id. at 2-9. The court observed that it was not clear whether the plaintiff ever had spoken with Alford-Lofton or if Alford-Lofton was aware that the plaintiff had filed a declaration on Alford-Lofton's behalf. Id. at 9. The court opined that sanctions were warranted, but gave the plaintiff the opportunity to respond in writing and explain why what he had done did not violate Federal Rule of Civil Procedure 11(b). Id. at 9-10.

1

The plaintiff has responded to the order to show cause. Dkt. Nos. 98, 99. He explains that he met Alford-Lofton in prison, and that Alford-Lofton advised him to learn the law. Dkt. No. 98 at 1. The plaintiff says that Alford-Lofton eventually was put on suicide watch in the cell next to the plaintiff, and that Alford-Lofton tutored him in the law, advised him that he had grounds for a lawsuit and taught him how to file one. Id. at 2. The plaintiff describes what Alford-Lofton looked like and some identifying features and says that Alford-Lofton told him to write a declaration because Alford-Lofton could not (due to being on suicide watch). Id. at 3. He says that when Alford-Lofton was released from the restricted housing unit, he did not provide the plaintiff with a cell phone number or address for reaching him. Id.

The plaintiff says that he did what Alford-Lofton told him to do, although knowing what he knows now, he should have known better. Id. at 4. He insists that nothing like this ever will happen again and apologizes to the court. Id. He asks the court to let him off with a warning and not to sanction him, because it was ignorance that caused him to take someone else's instruction and "go with the flow." Id. at 4-5. The plaintiff provided proof that he and Alford-Lofton had been in adjacent cells and that Alford-Lofton was in bed restraints. Dkt. No. 99-1. He asserts that he never tried to disguise his handwriting. Dkt. No. 99 at 2.

The court expressed in its July 8, 2022 order the gravity of this situation. The plaintiff filed a falsified document with the court. He forged someone else's signature on that document. The plaintiff says that he had Alford-Lofton's

2

Case 2:20-cv-01890-PP   Filed 08/16/22   Page 2 of 4   Document 100

permission to do so and that Alford-Lofton told him what to say. Given Alford-Lofton's litigation history, this could be true. Even if it is true, however, it does not change the fact that the plaintiff lied to the court (and the defendants). What the plaintiff has done is very, very serious, particularly (as the court noted in its order) because he has a history of accusing defense counsel or the defendants of various forms of unproven misconduct. If a lawyer had filed a false declaration like the one the plaintiff filed, that lawyer could lose his or her privilege to practice before the court or even his or her license to practice law.

The court will not dismiss the plaintiff's case with prejudice. That is an extreme sanction and Fed. R. Civ. P. 11(c)(4) says that any sanction the court imposes "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." But the court must impose a sanction for the plaintiff's egregious behavior in forging someone else's signature and filing a false document in an attempt to defeat the defendants' summary judgment motion. The court concludes that the appropriate sanction is to strike the false document. The court will not consider the falsified declaration as part of the plaintiff's evidence in opposition to the motion for summary judgment. And if, in this case or any other, the plaintiff files another falsified document, the court will not hesitate to consider dismissal with prejudice.

The court **ORDERS** that the order to show cause is **DISCHARGED**. Dkt. No. 96.

The court **ORDERS** that Dkt. No. 89, pages 2-3 (the purported declaration of Donald Alford-Lofton) is **STRICKEN** from the record. The court **WILL NOT** consider this document in ruling on the defendants' motion for summary judgment.

Dated in Milwaukee, Wisconsin this 16thday of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

4

Case 2:20-cv-01890-PP    Filed 08/16/22    Page 4 of 4    Document 100